IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND

                                     :
RENEE FEREBEE
                                     :

    v.                               :  Civil Action No. DKC 13-3817

                                     :
INTERNATIONAL HOUSE OF
PANCAKES                             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is the motion to dismiss filed by Defendant International House of Pancakes ("IHOP"). (ECF No. 7). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I.  Background[1]**

In June 2013, Plaintiff entered the IHOP in Oxon Hill, Maryland for an employment interview to be a bus lady. Plaintiff was the oldest applicant. Her first interview with "Larry P." went very well and she was told to come back on June 4th for an interview with the hiring manager, "Bunlap P." During the second interview, Plaintiff was told by Bunlap that she was not quick enough, and that he wanted someone who was quick to wash dishes and clean off tables. Plaintiff contends that she

---

[1] The following facts are set forth in the complaint. (ECF No. 2).

is still in good physical condition and was qualified for the job.

On November 4, 2013, Plaintiff, proceeding *pro se*, filed a complaint in the Circuit Court for Prince George's County, stating a claim of age discrimination and demanding relief of five million dollars. On December 19, 2013, Defendant removed to this court, citing federal question jurisdiction, 28 U.S.C. § 1331, specifically the federal Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA"). (ECF No. 1).[2] On December 23, 2013, Defendant filed a motion to dismiss for failure to state a claim. (ECF No. 7). In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiff the next day, notifying her that a dispositive motion had been filed and that she was entitled to file opposition material or risk entry of judgment against her. (ECF No. 12). Plaintiff opposed on January 2, 2014 (ECF No. 15), and Defendant replied on January 16, 2014 (ECF No. 19).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A

---

[2] Plaintiff's complaint is silent as to what law she relies on in bringing her claim, only stating age discrimination. But the "Notice of Charge of Discrimination" provided to Defendant by the EEOC, referenced a charge of discrimination under the ADEA. (ECF No. 1-2).

2

plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005).

**III. Analysis**

To state a claim for a failure to hire under the ADEA, Plaintiff must allege that: (1) she was in the age group protected by the ADEA, (2) she was qualified for the job for which the employer was seeking applicants, (3) plaintiff was rejected for the job despite being qualified, and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 430 U.S. 133, 142 (2000). The ADEA's protections only apply to individuals at least forty (40) years of age, 29 U.S.C. § 631(a), and does not permit "a mixed-motives age discrimination claim." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009). Instead, Plaintiff must "establish that age was the 'but-for' cause of the employer's adverse action." *Id.* at 177.[3]

---

[3] In an abundance of caution, Defendant argues that Plaintiff cannot make a claim under the state and county

Defendant first argues that Plaintiff has failed to allege she was within the age group protected by the ADEA as nowhere in Plaintiff's complaint does she state her age. In her opposition to Defendant's motion, Plaintiff states that she is fifty-eight (58) years old. While it is well-established that a plaintiff cannot amend her complaint by asserting new facts in an opposition to a motion to dismiss, *see Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997), Plaintiff is *pro se* and must be given leeway not afforded to counseled parties.

Defendant also argues that even accepting that Plaintiff falls within the protected age group, the comments made to her that she "was not quick enough" and that the manager "wanted someone that was quick to wash dishes and clean off tables" do not constitute sufficient allegations that Plaintiff was rejected under circumstances suggesting age discrimination. Plaintiff does not allege that any of Defendant's managers made any comments about her age or provide any information about the person ultimately hired for the position. Instead, the comments merely related to her pace of work, not her age. "Congress made plain that the age statute was not meant to prohibit employment decisions based on factors that sometimes accompany advancing

---

analogues to the ADEA based on failure to exhaust. Plaintiff, in her opposition, does not engage these arguments or make any allusion to the possibility that she brings claims under state or county law. Consequently, Defendant's arguments are accepted and Plaintiff's claim lies solely under the ADEA.

5

age, such as declining health or diminished vigor and competence." *Barnes v. S.W. Forest Indus., Inc.*, 814 F.2d 607, 611 (11th Cir. 1987) (*quoting Loeb v. Textron, Inc.*, 600 F.2d 1003, 1016 (1st Cir. 1979)). But the cases Defendant cites to in its reply all involve motions for summary judgment and involve circumstances where the alleged victim was terminated or reassigned after having worked for some period of time and, consequently, having been evaluated by his supervisors as to his ability to perform the work. *See, e.g., Erwin v. Potter*, 79 F.App'x 893 (6th Cir. 2003); *Blackwell v. Cole Taylor Bank*, 152 F.3d 666 (7th Cir. 1998); *Scarborough v. Mineta*, No. 3:03CV328-RS-EMT, 2006 WL 931859 (N.D.Fla. Apr. 10, 2006); *Otu v. Papa John's USA, Inc.*, 400 F.Supp.2d 1315 (N.D.Ga. 2005). Here, by contrast, Plaintiff was allegedly not hired on the basis of Bunlap's assessment that she was not quick enough to do the job based on a short interview. It is unclear what this assessment was based on and it is plausible that Bunlap's comment - and subsequent decision not to hire - reflect an assumption about the physical abilities of those over 40, which the ADEA prohibits when it comes to employment decisions.

Finally, Defendant argues that Plaintiff's claim should be dismissed because she is seeking damages that cannot be awarded under the ADEA. Plaintiff's complaint seeks $5 million in punitive damages. "[D]amages for pain and suffering are not

recoverable under the ADEA." *McGill v. Balt. City Bd. of School Comm'rs*, No. RDB-09-2506, 2010 WL 2159239, at *4 (D.Md. May 25, 2010) (*citing Slatin v. Stanford Research Inst.*, 590 F.2d 1292, 1296 (4th Cir. 1979); *Walker v. Pettit Constr. Co.*, 605 F.2d 128, 129-30 (4th Cir. 1979)).  The ADEA provides a court jurisdiction to enforce the statute by granting "such legal or equitable relief as may be appropriate to effectuate the purposes of [the ADEA], including without limitation judgments compelling employment, reinstatement or promotion, or enforcing liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation."   29 U.S.C. § 626(b).   Because Plaintiff is proceeding *pro se*, her complaint will be construed to be seeking all appropriate legal and equitable relief.[4]

---

[4] Plaintiff filed what was deemed a "Supplemental to Complaint."  (ECF No. 13).   In it, Plaintiff reiterates the emotional trauma she experienced and requests Defendant grant Plaintiff $5 million in punitive damages, "and for discrimination, upon negotiation is highly considered." Defendant moved to dismiss this supplemental complaint, again stating that punitive damages are not recoverable under the ADEA.  (ECF No. 17).  For the reasons given above, this motion will be denied.

On May 2, Plaintiff filed a "Second Memorandum of Law" in support of her opposition to Plaintiff's motion.   In it, she recounts a conversation she had with Defendant's counsel concerning settlement. (ECF No. 22).  Defendant moved to strike this as an improper surreply which also seeks to introduce improperly a settlement offer as evidence of liability.

This is a surreply, which may not be filed unless otherwise ordered by the court.  Local Rule 105.2(a).  Although a district court has discretion to allow a surreply, surreplies are

7

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be denied.  A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

generally disfavored.  *Chubb & Son v. C.C. Complete Servs., LLC*, 919 F.Supp.2d 666, 679 (D.Md. 2013).  A surreply may be permitted "when the moving party would be unable to contest matters presented to the court for the first time in the opposing part's reply."  *Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D.Md. 2003).  Defendant's motion to strike will be granted and the surreply will be stricken as this second memorandum does not address new matters raised in Defendant's reply and seeks to introduce improper evidence.