IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENEE FEREBEE                    :

                              :

   v.                 :   Civil Action No. DKC 13-3817

                              :

INTERNATIONAL HOUSE OF
PANCAKES[1]                      :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination case is a motion for summary judgment filed by Defendant Uni-Hop, Inc. ("Uni-Hop" or "Defendant") (ECF No. 41) and a motion to demand a jury trial filed by Plaintiff Renee Ferebee ("Ms. Ferebee" or "Plaintiff") (ECF No. 49). Defendant also filed a motion to strike Plaintiff's demand for a jury trial. (ECF No. 50). The relevant issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion for summary judgment will be granted. Plaintiff's motion to demand a jury trial and Defendant's corresponding motion will be denied as moot.

---

[1] Defendant states in its motion for summary judgment that its correct name is Uni-Hop, Inc., and that it is incorrectly identified as "International House of Pancakes" in the caption. (ECF No. 41, at 1).

## I.   Background

### A.   Factual Background

Unless otherwise noted, the following facts are undisputed.[2] Defendant operates an IHOP restaurant in Oxon Hill, Maryland (the "restaurant").   In May and June 2013, Defendant was accepting applications for various positions in the restaurant. Plaintiff submitted her application in person at the restaurant on May 30, 2013.   (ECF No. 41-3, at 14-15).   Plaintiff initially applied for a cashier or cleaning position, but subsequently told restaurant managers that she was only interested in the "cleaning" position, which Uni-Hop identifies as a "combo" position.   (ECF Nos. 41-4, at 3; 41-7, at 14-15).   Plaintiff briefly spoke with restaurant manager Larry Reed when she turned in her application, and, per company policy (ECF No. 41-3, at 3), he told her to return to interview with another manager. (ECF Nos. 41-3, at 3; 41-7, at 15).

On June 4, 2013, Plaintiff interviewed with Pennod Dunlap, another restaurant manager.   (ECF No. 41-7, at 22).   Plaintiff alleges that she was the oldest applicant in the restaurant at the time.   (*Id.*).   During the course of this interview, Mr. Dunlap told Plaintiff that the combo position she was applying

---

[2] Because Plaintiff has not addressed Defendant's assertions of fact contained in its motion for summary judgment, this court "consider[s] the fact[s] undisputed for purposes of [this] motion."   Fed.R.Civ.P. 56(e)(2).

for required that she be able to lift 40 pounds.[3]  Plaintiff alleges that Mr. Dunlap also said that she was not quick enough for the combo position and that he was looking for someone quicker.  (ECF Nos. 2, at 1; 41-7, at 24-29).  Mr. Dunlap attests in his declaration that he does "not recall telling Ms. Ferebee that [he] was looking for someone quick to do the job; however [he] may have explained that, in the combo position, a person is required to move quickly while carrying heavy loads" in order to turn over tables in the restaurant.  (ECF No. 41-4, at 3).  Mr. Dunlap told Plaintiff that Uni-Hop would let her know if she advanced in the hiring process.  Plaintiff alleges that Mr. Reed and another applicant were laughing at her as she was leaving the restaurant.  (ECF No. 41-7, at 29).  Uni-Hop ultimately hired one cook, five servers, and one hostess in June 2013, but did not hire anyone for the combo position.[4]

On June 20, 2013, Plaintiff returned to the restaurant and spoke with Diane Robin-Hudson, the restaurant's general manager. (ECF No. 41-3, at 3).  Plaintiff told Ms. Robin-Hudson that Mr. Dunlap had insulted her in her interview by implying that she was too old for the position she applied for.  Ms. Robin-Hudson

---

[3] The official job description for the combo position states that the employee "frequently must lift and/or move up to 50 pounds and occasionally lift and/or move up to 100 pounds." (ECF No. 41-3, at 8).

[4] In May 2013, prior to Plaintiff submitting her application, Uni-Hop hired someone for one combo position.

told Plaintiff that Uni-Hop does not discriminate on the basis
of age and that Mr. Dunlap did not mean to imply that she was
too old to work at Uni-Hop.    Plaintiff then called the
restaurant and again spoke with Ms. Robin-Hudson.   Following
this phone call, Plaintiff gave Ms. Robin-Hudson a complaint
letter addressed to Deepak Shrestha, the owner of Uni-Hop.   Uni-
Hop then conducted an investigation into Plaintiff's claims and
found that "Mr. Dunlap did not make any age-related comments to
Ms. Ferebee during her interview, and Mr. Dunlap confirmed that
he had not considered Ms. Ferebee's age during the interview."
(*Id.* at 4).

   **B.   Procedural Background**

   In June or July 2013, Plaintiff filed a complaint with the
Equal Employment Opportunity Commission ("EEOC") alleging that
she was discriminated against by Defendant based on her age in
violation of The Age Discrimination in Employment Act ("ADEA").
(ECF Nos. 8, at 8; 41-7, at 26).    The record does not indicate
the disposition or current status of Plaintiff's EEO complaint.
On November 4, 2013, Plaintiff, proceeding *pro se*, filed a
complaint in the Circuit Court for Prince George's County,
stating a claim of age discrimination and demanding relief of
five million dollars.    On December 19, 2013, Defendant removed
to this court, citing federal question jurisdiction, 28 U.S.C. §
1331.   (ECF No. 1).   Defendant subsequently filed a motion to

dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). On July 17, 2014, the undersigned denied Defendant's motion to dismiss. (ECF No. 26).

Following discovery, Defendant filed the pending motion for summary judgment on January 12, 2015. (ECF No. 41). Plaintiff filed an opposition (ECF No. 43), and Defendant replied (ECF No. 44). On April 7, 2015, Plaintiff filed the pending motion to demand a jury trial (ECF No. 49), and Defendant filed a motion to strike Plaintiff's motion (ECF No. 50).

## II. Standard of Review

A motion for summary judgment will be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Once a properly supported motion for summary judgment is filed, the nonmoving party is required to make a sufficient showing on an essential element of that party's claim as to which that party would have the burden of proof to avoid summary judgment. *Celotex,* 477 U.S. at 322-23.

Summary judgment is appropriate under Federal Rule of Civil Procedure Rule 56(a) when there is no genuine dispute as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Liberty Lobby,* the

5

Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also EEOC v. Navy Fed. Credit Union,* 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. *See Liberty Lobby,* 477 U.S. at 252.

A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala,* 166 F.Supp.2d 373, 375 (D.Md. 2001) (citation omitted).

6

Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir. 1987)).

## III. Analysis

Plaintiff alleges that her non-selection by Uni-Hop constituted age discrimination under the ADEA. The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of [her] age." 29 U.S.C. § 623(a). There are two methods for proving intentional discrimination in employment: (1) through direct evidence; or (2) through circumstantial evidence under the three-step burden shifting scheme set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), and affirmed in *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). Although *McDonnell Douglas* dealt only with Title VII claims, courts apply the same framework to age discrimination claims arising under the ADEA. *See Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc), *cert dismissed*, 543 U.S. 1132 (2005). "Regardless of the method chosen, it remains the plaintiff's ultimate burden to prove that [her] age was the but-for cause of the adverse employment action." *Arthur v. Pet Dairy*, 593

Fed.App'x 211, 216 (4th Cir. 2015) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)).

Plaintiff alleges that Mr. Dunlap's statement that he was looking for someone quicker for the combo position is evidence that she was discriminated against because of her age. (ECF No. 2, at 1). Plaintiff also suggests the fact that she appeared to be the oldest applicant in the restaurant at the time of her interview supports her claim of age discrimination. (ECF No. 43, at 2). Defendant counters that Mr. Dunlap's alleged statement was meant merely to inform Plaintiff about the requirements of the combo position. (ECF No. 41-1, at 14). Defendant argues: (1) that Plaintiff has not put forth sufficient direct evidence of discrimination (*Id.* at 12-16); and (2) has not met her burden of establishing a *prima facie* case under *McDonnell Douglas* (*Id.* at 16-19).

### A.   Direct Evidence of Age Discrimination

To overcome a motion for summary judgment by showing direct evidence of age discrimination, Plaintiff, through "ordinary principles of proof, . . . must produce direct evidence of a stated purpose to discriminate or [indirect] evidence of sufficient probative force to reflect a genuine issue of material fact." *Krpan v. Bd. of Educ. Of Howard Cnty.*, No. ELH-12-2789, 2013 WL 4400475, at *10 (D.Md. Aug. 15, 2013) (quoting *Rhoads v. FDIC*, 257 F.3d 373, 391 (4th Cir. 2001) (internal

quotation marks omitted).   Often, the plaintiff shows direct evidence of employer discrimination through "employer remarks that reflect a discriminatory attitude, or that demonstrate a discriminatory animus in the decisional process." *Davenport v. Anne Arundel Cnty. Bd. Of Educ.*, 998 F.Supp.2d 428, 433 (D.Md. 2014).   As Judge Russell noted in *Davenport*:

> Not all age-related statements, however, are categorized as direct evidence of age discrimination. *Martin v. Alumax of S.C., Inc.*, 380 F.Supp.2d 723, 728 (D.S.C. 2005).   Indeed, the standard can be quite high.   The United States Court of Appeals for the Fourth Circuit, in particular, has "noted that most age discrimination cases fall into the category of pretext cases, because direct evidence of improper discrimination is unusual." *Malina v. Balt. Gas & Elec. Co.*, 18 F.Supp.2d 596, 604 n.5 (D.Md. 1998) (citing *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 202 n.16 (4th Cir. 1997).   "Rather, courts have found only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, to constitute direct evidence of discrimination." *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir. 1989).   This tentativeness by courts "militates against a finding of direct evidence of age discrimination." *Martin*, 380 F.Supp.2d at 729.

998 F.Supp.2d at 433-34.   Courts have found statements concerning an employee's experience, seniority, and salary not to be direct evidence of age discrimination. *See id.* at 434. Courts have even held that comments made by an employer indicating a desire to "attract newer, younger people" and get

more "young blood" in the company "are not probative of age discrimination or a discriminatory purpose." *EEOC v. Clay Printing Co.*, 955 F.2d 936, 942 (4th Cir. 1992).

The exact wording of Mr. Dunlap's comment is unclear in the record. Mr. Dunlap attests in his declaration that he does not remember the specific wording he used, but admits that he "may have explained that, in the combo position, a person is required to move quickly while carrying heavy loads." (ECF No. 41-4, at 3). Plaintiff contends that Mr. Dunlap either said "I'm looking for someone quick enough to do the job" (ECF No. 41-7, at 29) or that she didn't "look like [she] was quick enough to do the job" (ECF No. 41-8, at 2). Even when taken in the light most favorable to Plaintiff, Mr. Dunlap's comment is not direct evidence of age discrimination. Mr. Dunlap was speaking about the requirements of the combo position. The requirement of quickness and the ability to carry 40 pounds applied to all applicants for a combo position, regardless of age. *See Clay Printing Co.*, 955 F.2d at 942 (discussing how a supervisor's comment about "dead wood" referred to employee evaluations, regardless of age).

In the rare cases where courts have found direct evidence of age discrimination, the plaintiffs introduced significantly more evidence than Plaintiff has offered here. For example, in *Wilhelm v. Blue Bell, Inc.*, 773 F.2d 1429, 1433 (4th Cir. 1985),

10

the plaintiffs "introduced ample evidence suggesting that Blue
Bell fired them because of their ages," including a statement
that the company will "have all young college guys on a salary."
Further, the employer in *Wilhelm* confessed to believing that
"older people tend to become complacent whereas younger people
generally have more drive and ambition," and that "younger
salesmen do a much better job than older salesmen." *Id.* at
1433-34; *see also Gott v. Town of Chesapeake Beach*, 44 F.Supp.3d
610, 615 (D.Md. 2014) (denying summary judgment where the
employer said, in a hiring meeting, that the employer was "just
looking for younger people").  Here, "[t]he probative evidence
of discrimination in this case is simply not on par" with the
rare cases such as *Wilhelm*. *Clay Printing Co.*, 955 F.2d at 942.
Mr. Dunlap's statements, when viewed in the context of Uni-Hop's
needs for the combo position, *see Davenport*, 998 F.Supp.2d at
435, merely discussed the requirements of the position and are
not direct evidence of discriminatory intent.

### B.  *Prima Facie* Case Under *McDonnell Douglas*

Because Plaintiff has not put forth sufficient direct
evidence of age discrimination, she must proceed under the
*McDonnell Douglas* burden-shifting framework. *See Arthur*, 593
Fed.App'x at 216.  Accordingly, the plaintiff first must
establish a *prima facie* case of discrimination. *See McDonnell
Douglas Corp.*, 411 U.S. at 802.  After doing so, the burden of

production shifts to the defendant to present a legitimate, nondiscriminatory reason for the alleged adverse employment action. *See Reeves*, 530 U.S. at 142 (2000) (*citing Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). In so doing, the defendant rebuts the presumption of discrimination raised by the plaintiff's *prima facie* case. *See Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 429 (4th Cir. 2000) (citing *Burdine*, 450 U.S. at 255 n.10). The plaintiff then must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Burdine*, 450 U.S. at 253. In the end, "[t]he plaintiff always bears the ultimate burden of proving that the employer intentionally discriminated against [her]." *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (citing *Burdine*, 450 U.S. at 253).

Here, Defendant contends that Plaintiff has not made out a *prima facie* case. To establish a *prima facie* case of discrimination in a non-selection case, Plaintiff must prove that: (1) she was a member of a protected class, which for the ADEA is individuals who are at least 40 years of age; (2) she applied and was qualified for the position for which she applied; (3) she was not selected despite her qualifications; and (4) she was rejected for the position in favor of someone

not a member of a protected group under circumstances giving rise to an inference of unlawful discrimination. *Alvarado v. Bd. of Trustees of Montgomery Cmty. College*, 928 F.2d 118, 121 (4th Cir. 1991).

A plaintiff commonly establishes an inference of unlawful discrimination by showing that someone outside the protected class, or someone who was "substantially younger" than the plaintiff, was selected for the position. *See, e.g.*, *Demery v. McHugh*, No. PWG-13-2389, 2014 WL 4452672, at *6 (D.Md. Sept. 9, 2014); *Brandford v. Shannon-Baum Signs, Inc.*, No. RDB-11-00836, 2012 WL 3542604, at *3 (D.Md. Aug. 15, 2012); *Hart v. Bon Secours Baltimore Health Sys.*, No. JFM-08-2516, 2010 WL 3245427, at *4 (D.Md. Aug. 17, 2010); *Malina v. Baltimore Gas and Elec. Co.*, 18 F.Supp.2d 596, 610 (D.Md. 1998). As Judge Quarles reasoned in *Moore v. Leavitt*:

> [T]o create an inference of discrimination, a plaintiff must at least demonstrate that "her rejection did *not* result from the two most common legitimate reasons on which an employer might rely to reject a job applicant: an absolute or relative lack of qualifications *or the absence of a vacancy in the job sought*."

No. WDQ-04-2819, 2007 WL 5123539, at *4 (D.Md. Feb. 9, 2007) (emphasis added) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44 (1977)). Here, Plaintiff initially submitted an application to be either a cashier or a

combo, but ultimately told the managers that she was only interested in the combo position. (ECF Nos. 41-4, at 3; 41-7, at 14-15). Plaintiff has not produced any evidence that the position remained open or that Uni-Hop hired someone younger than her for a combo position. In fact, the record shows that Defendant hired no combo applicants in the month after Plaintiff's interview. (ECF No. 41-3, at 2). Plaintiff has not shown that she was treated less favorably than younger applicants, other than her conclusory allegations that she was the oldest applicant in the restaurant at the time of her interview and that a manager and an applicant laughed at her. These unsupported allegations of discrimination, absent objective corroboration, are not enough to create an inference of discrimination and thereby defeat summary judgment. *See Agelli*, 2014 WL 347630 at *6 (citing *Williams v. Giant Food Inc.*, 370 F.3d 423, 433 (4th Cir. 2004)). Plaintiff has not met her burden because she cannot establish that she was rejected for the combo position under circumstances giving rise to an inference of unlawful discrimination.

Other circumstances surrounding Plaintiff's interview undermine Plaintiff's attempt to show an inference of discrimination. Plaintiff must show, in order to establish a *prima facie* case, that her age "actually motivated" Uni-Hop's decision not to hire her. *Reeves*, 530 U.S. at 141; *Gladden v.*

*Locke*, No. PJM-10-1756, 2011 WL 2619570, at *5 (D.Md. June 30, 2011).  Plaintiff's application did not include her date of birth or age.  (ECF No. 41-3, at 14).  Plaintiff has offered no evidence that any manager she spoke with knew her age.  Further, Mr. Dunlap avers that he "never found age to be a negative factor for an employee.  . . .  [He] often found that older employees brought more experience to the job, were more dependable, and were more committed to the job."  (ECF No. 41-4, at 3).  Additionally, all the managers with whom Plaintiff spoke who would have made hiring decisions were over 40 years old, and therefore, members of Plaintiff's protected class.  (ECF No. 41-3, at 2, 5).  "The fact that the decision makers were of the same protected class suggests no discriminatory motivation." *Demesme v. Montgomery Cnty. Gov't*, 63 F.Supp.2d 678, 683 (D.Md. 1999); *see also Artis v. U.S. Foodservice, Inc.*, No. ELH-11-3406, 2014 WL 640848, at *12 (D.Md. Feb. 18, 2014); *Nichols v. Caroline Cnty. Bd. of Educ.*, No. JFM-02-3523, 2004 WL 350337, at *7 (D.Md. Feb. 23, 2004).  Finally, Uni-Hop has a record of hiring employees within Plaintiff's protected class for various positions, including the combo position.  (ECF No. 41-3, at 4). Considering the context surrounding her interview and non-selection, Plaintiff has failed to establish an inference of discrimination.  *See Mereish v. Walker*, 359 F.3d 330, 337 (4th Cir. 2004) (noting that "when evaluating alleged age animus [a

court] must consider the context in which statements were made").

## IV.  Conclusion

For the foregoing reasons, Defendant's motion for summary judgment filed will be granted.  Plaintiff's motion to demand a jury trial and Defendant's motion to strike will be denied as moot.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
